IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ENDURANCE AMERICAN
SPECIALTY INSURANCE
COMPANY,

     Plaintiff,

v.

TECH ROOF PROS, INC., et al.,

     Defendants.

CIVIL ACTION FILE

No. 1:17-cv-2286-TCB

## INSTRUCTIONS TO PARTIES AND COUNSEL

This case has been assigned to Judge Timothy C. Batten, Sr.  The purpose of this Order is to inform the parties and their counsel of the Court's policies, practices and procedures.  It is issued to promote the just and efficient determination of the case.  This Order, in combination with this Court's Local Rules and the Federal Rules of Civil Procedure, shall govern this case. Please note that recent amendments to the Federal Rules of Civil Procedure will apply to this case.

<u>Case Administration</u>

## 1.    Contacting Chambers

Suzy Edwards, our Courtroom Deputy Clerk, is your principal point of contact on matters relating to this case.   Where possible, communication with Ms. Edwards should be by telephone (404.215.1422) or by e-mail (suzy_edwards@gand.uscourts.gov).   Mailed, couriered, and hand-delivered communications should be addressed as follows:

> Ms. Suzy Edwards
> Courtroom Deputy Clerk
> 2142 U.S. Courthouse
> 75 Ted Turner Drive, SW
> Atlanta, GA 30303-3309

If the parties cannot reach Ms. Edwards, they should call the Atlanta chambers main line (404.215.1420) for assistance.

Neither the parties nor their counsel should discuss the merits of the case with Ms. Edwards or any of the Court's law clerks.

## 2.    Courtesy Copies

Parties frequently forward courtesy copies of motions and other filings directly to chambers for the Court's convenience.   Except for

2

emergency motions filed pursuant to Local Rule 7.2(B) and *ex parte* motions for TROs, the delivery of a hard copy of a document in addition to the electronically filed copy is not necessary, and the Court prefers to rely on its electronic access to court filings. The movant should hand-deliver to Ms. Edwards a hard copy of all emergency motions and *ex parte* motions for TROs. It is not necessary for the respondent to provide a hard copy of its response to Ms. Edwards.

3.     **Local Counsel in Cases with Counsel Admitted Pro Hac Vice**

Where lead counsel has been admitted pro hac vice, local counsel is required to be thoroughly familiar with the case. The Court presumes that lawyers admitted to the bar of other district courts are competent, diligent and courteous, but ultimately, local counsel must be accountable and available to address and argue any issue in the case.

4.     **Electronic Registration**

All counsel—including counsel admitted pro hac vice—must register and participate in the Court's electronic filing system, CM/ECF. (See this Court's Standing Order No. 04-01.)

5.    **Leave of Absence**

All requests for or notices of leaves of absence must be electronically filed.   Counsel should not mail or hand-deliver paper copies to chambers.

6.    **Consenting to Proceed Before a Magistrate Judge**

Pursuant to Rule 73 of the Federal Rules of Civil procedure and 28 U.S.C. § 636(c), the parties are reminded that a magistrate judge of this court is available to oversee all proceedings in this civil action, including a jury or non-jury trial and the entry of final judgment, if the parties consent to a magistrate judge's exercise of such jurisdiction. Due to the undersigned's heavy criminal case load, cases proceed more quickly to final resolution when the parties consent to a magistrate judge's exercise of jurisdiction, but the parties are advised that they are free to withhold consent without any adverse consequences. At the joint preliminary planning conference, the parties should confer about the possibility of consenting, and if they unanimously consent, they should complete and then electronically file the form titled "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is located

4

on the Court's website under the tab "Commonly Used Forms." If there is not unanimous consent, no further action is required. Bear in mind that the parties may consent at any point in the proceedings, even if they decline to do so at the initial joint planning conference. And, appeals from the magistrate judge's final order are taken to the Eleventh Circuit Court of Appeals, just like appeals from final orders entered by district judges.

## Case Management

### 1.    Extensions of Time

The Court, along with counsel for the parties, is responsible for processing cases toward prompt and just resolutions.  To that end, the Court seeks to set reasonable but firm deadlines.  Motions for extension, whether opposed, unopposed or by consent, will not be granted as a matter of course.  Parties seeking an extension should explain with specificity the unanticipated or unforeseen circumstances necessitating the extension and should set forth a timetable for the completion of the tasks for which the extension is sought.

2.    **Conferences**

Scheduling, discovery, pre-trial and settlement conferences promote the speedy, just and efficient resolution of cases. Therefore, the Court encourages the parties to request a conference when counsel believes that a conference will be helpful and counsel has specific goals and an agenda for the conference.

3.    **Early Planning Conference**

Local Rule 16.1 provides that prior to filing the Joint Preliminary Report and Discovery Plan, lead counsel for all parties are required to confer in an effort to settle the case, discuss discovery, limit issues and discuss other matters addressed in the Joint Preliminary Report and Discovery Plan. This Early Planning Conference may be conducted by lead counsel by telephone.

4.    **Initial Disclosures**

Initial disclosures should be as complete as possible based upon information reasonably available. Responses may not be reserved for later supplementation.

5.    **Candor in Responsive Pleadings**

In accordance with Federal Rule of Civil Procedure 8(b), a party's responsive pleading must admit or deny the averments of the adverse party=s pleading.  For example, if the complaint alleges, "A copy of the parties' contract is attached hereto as Exhibit A," the defendant's answer must either admit or deny this averment, or plead that he is without knowledge or information sufficient to form a belief as to whether Exhibit A is in fact a copy of the parties' contract; the defendant may not plead, e.g., "Defendant admits that Exhibit A is attached to the complaint," or "The document speaks for itself."  Such evasive denials shall be disregarded, and the averments to which they are directed shall be deemed admitted in accordance with Rule 8(d).

Similarly, a party may not, in his responsive pleading, deny an averment in his opponent's pleading on the grounds that the averment raises a matter of law rather than fact.

6.    **Discovery Responses—Boilerplate and General Objections**

Boilerplate objections in response to discovery requests are strictly prohibited.  Parties should not carelessly invoke the usual litany of rote

objections, i.e., attorney-client privilege, work-product immunity from discovery, overly broad/unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence.

Moreover, general objections are prohibited, i.e., a party shall not include in his response to a discovery request a "Preamble" or a "General Objections" section stating that the party objects to the discovery request "to the extent that" it violates some rule pertaining to discovery, e.g., the attorney-client privilege, the work product immunity from discovery, the requirement that discovery requests be reasonably calculated to lead to the discovery of admissible evidence, and the prohibition against discovery requests that are vague, ambiguous, overly broad, or unduly burdensome. Instead, each individual discovery request must be met with every specific objection thereto—but only those objections that actually apply to that particular request. Otherwise, it is impossible for the Court or the party upon whom the discovery response is served to know exactly what objections have been asserted to each individual request. All such general objections shall be disregarded by the Court.

Finally, a party who objects to a discovery request but then responds to the request must indicate whether the response is complete, i.e., whether additional information or documents would have been provided but for the objection(s).   For example, in response to an interrogatory a party is not permitted to raise objections and then state, "Subject to these objections and without waiving them, the response is as follows . . ." unless the party expressly indicates whether additional information would have been included in the response but for the objection(s). This requirement is now included in Fed. R. Civ. P. 34(b)(2)(C).

## 7.   Discovery Responses—Verifying Interrogatory Answers

Verifications of interrogatory answers must be unqualified, i.e., they must recite that the interrogatory answers are true and correct to the best of the affiant's knowledge; no reference should be made to the affiant's information and/or belief.   Nor should a verification include surplusage to the effect that the answers may be subject to change because they are based upon limited information available to the affiant or because discovery is just starting, etc.

8.    **Conduct During Depositions**

At the beginning of the deposition, deposing counsel shall instruct the witness to ask deposing counsel, rather than the witness's own counsel, for clarifications, definitions, or explanations of any words, questions, or documents presented during the course of the deposition. The witness shall abide by these instructions.

All objections, except those that would be waived if not made at the deposition under Federal Rule of Civil Procedure 32(d)(3)(B) and those necessary to assert a privilege, or to present a motion pursuant to Rule 30(d), shall be preserved.  Therefore, those objections need not and SHALL NOT be made during the course of depositions.  In particular, the Court eschews the dreaded "Objection to form."

Counsel SHALL NOT instruct a witness not to answer a question unless that counsel has objected to the question on the ground that the answer is protected by a privilege or a limitation on evidence directed by the Court.  And the objection had better be good.

Counsel shall not make objections or statements that might suggest an answer to a witness. Counsel's statements when making

objections should be succinct and verbally economical, stating the basis of the objection and nothing more.

Counsel and their witness-clients SHALL NOT engage in private, off-the-record conferences during depositions or during breaks regarding any of counsel's questions or the witness's answers, except for the purpose of deciding whether to assert a privilege. Any conferences that occur pursuant to, or in violation of, this rule are a proper subject for inquiry by deposing counsel to ascertain whether there has been any witness-coaching and, if so, what. Any conferences that occur pursuant to, or in violation of, this rule shall be noted on the record by the counsel who participated in the conference. The purpose and outcome of the conference shall also be noted on the record.

Deposing counsel shall provide to the witness's counsel a copy of all documents shown to the witness during the deposition. The copies shall be provided either before the deposition begins or contemporaneously with the showing of each document to the witness. The witness and the witness's counsel do not have the right to discuss documents privately before the witness answers questions about them.

11

Unless the parties agree otherwise, breaks in the interrogation shall occur no more frequently than once every ninety minutes, breaks in the interrogation shall not last longer than fifteen minutes, and any lunch break shall last one hour and fifteen minutes.  Breaks do not count when computing the duration of the deposition.

## 9.     Serving Discovery Prior to Expiration of the Discovery Period

All discovery requests must be served early enough so that the responses thereto are due on or before the last day of the discovery period.  The Court typically will not enforce private agreements between the parties and/or their counsel to conduct discovery beyond the end of the discovery period, nor will the Court ordinarily compel responses to discovery requests that were not served in time for responses to be made before the discovery period ended.

## 10.    Extensions of the Discovery Period

Motions requesting an extension of the discovery period must be made prior to the expiration of the existing discovery period and must explain in detail why an extension is necessary.  The motion should also indicate whether all parties consent to the extension.  Any party who

12

objects to the motion shall file a response in opposition within two business days of the filing of the motion.

Such motions ordinarily will be granted only in cases where counsel could not have anticipated, at the time they submitted the Joint Preliminary Report and Discovery Plan, that the specific circumstances necessitating the requested extension would arise.

The Court ordinarily will not permit the taking of depositions for the preservation of testimony after the close of discovery if an objection is raised by the opposing party.

## 11. Discovery Disputes

(a)    Notwithstanding Local Rule 37.1, prior to filing any motion related to discovery, including but not limited to a motion to compel discovery and a motion to quash a subpoena (except for unopposed, consent, or joint motions to extend the discovery period), the movant—after conferring with the respondent in a good-faith effort to resolve the dispute by agreement—must send Ms. Edwards (with a copy to all counsel of record) a one-page email summarizing the dispute and

the relief sought.   If the matter is time-sensitive, the movant should make that clear in the email.

Ms. Edwards will then instruct the respondent the deadline by which it may submit to her a one-page email response (with a copy to all counsel of record).   Ordinarily, after Ms. Edwards receives the response, she will schedule a conference call in which the Court will attempt to resolve the matter without the necessity of a formal motion; a court reporter will be provided by the Court to take down the conference call. However, the Court may choose to issue an order resolving the dispute without a conference call.

In addition, if any party has a dispute with a non-party (e.g., regarding a subpoena), the party and the non-party must follow these instructions, and the party must promptly inform the non-party of this discovery-dispute policy.   If the non-party requires the Court's involvement in resolving the dispute, it should not file a motion, but rather, should follow the procedure detailed in the two preceding paragraphs.

(b)   The Court is usually available by telephone to resolve objections and disputes that arise during depositions.  Counsel should not hesitate to call the Court (404.215.1420) if a bona fide dispute arises during a deposition that the parties cannot resolve despite a good-faith effort to do so.

## 12.   Consent Protective Confidentiality Orders; Filing Under Seal; Confidential Settlement Agreements

The Court eschews the excessive use of consent protective confidentiality orders that allow counsel to designate documents, tangible things and information as "Confidential" and/or "Confidential—For Attorney's Eyes Only."  While the Court recognizes the legitimacy of such orders in some cases, the Court's experience is that such orders are used—and abused—more often than truly necessary.

As a guide to counsel, the Court notes that documents, tangible things and information ordinarily are not truly confidential unless they constitute either (1) a "trade secret," as defined by Section 1(4) of the Uniform Trade Secrets Act, or for cases applying Georgia law, O.C.G.A. § 10-1-761(4); (2) personal identifying information, such as a Social

Security number; or (3) personal health information protected by the Health Insurance Portability and Accountability Act. Counsel should also be aware that the Court is not hesitant to sanction a party and/or counsel for abusing a protective confidentiality order by too readily designating documents, tangible things and/or information as "Confidential" and/or "Confidential—For Attorney's Eyes Only."

If the parties find that a consent protective confidentiality order is necessary, the following language should be included (and shall be deemed included) therein:

> Any documents (including briefs), tangible things or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court in accordance with the procedures outlined in paragraph 12 of the Court's Instructions to Parties and Counsel.

Those procedures are as follows.

For documents filed other than during a hearing or trial, counsel shall electronically file on CM/ECF a motion to seal that lists the document(s) that counsel wants filed under seal and a proposed order granting the motion. The documents that counsel wish to be sealed

should be *provisionally* filed on CM/ECF, per the directions set out in

*Procedures for Electronic Filing Under Seal in Civil Cases* on the

Court's website under "Electronic Case Filing Info". (See also Appendix

H to the Local Rules.) Counsel should <u>not</u> send paper copies of the

documents to chambers or to the Clerk's office.

For tangible things other than documents, the parties shall

deliver the items to Ms. Edwards in chambers along with a proposed

order permitting the tangible things to be filed under seal.

The opposing party shall not be permitted to oppose the motion to

file under seal. The Court will review, in camera, the documents and

tangible things sought to be sealed. If the Court agrees that they

should be sealed, the proposed order will be filed.

A party who seeks to introduce protected documents, tangible

things or information at a hearing or during trial shall orally advise the

Court at the time of introduction that the documents, tangible things or

information sought to be introduced are protected. The Court will

review the protected documents, tangible things or information in

camera, and make an oral ruling.  The Clerk will file any such documents or tangible things under seal.

Also, if a party seeks to have only a portion of a document (including briefs) filed under seal, only that portion will be filed under seal, and counsel shall follow the process described above, simultaneously filing electronically a redacted version of the document filed under seal.

Furthermore, even if the parties do not have a confidentiality agreement, they must still follow the above procedures if they want protected information, documents, or tangible things filed under seal.

Finally, confidential settlement agreements are fine.  However, the Court ordinarily will not enter a final judgment *order* that directs one or more of the parties to comply with the terms of a *confidential* settlement agreement and/or that has the Court retain jurisdiction for purposes of enforcing the confidential settlement agreement.

13.   **Motions for Summary Judgment**

a.   **Record References**

When filing a brief in support of or in opposition to a motion for summary judgment, the party shall also file, as a separate docket entry, an electronic copy of the complete transcript of each deposition referenced in the brief.   The Court prefers (but does not require) condensed copies of deposition transcripts (i.e., one physical page containing four pages of transcribed testimony).   Neither the original transcript nor any paper copies of the deposition should be filed with the Clerk or delivered to chambers.

All citations to the record evidence should be contained in each party's brief, not just in the party's statement of undisputed (or disputed) facts.   Thus, the party should include in the brief, immediately following the deposition reference, a citation indicating the page and line numbers of the transcript where the referenced testimony can be found.

b.     **Statements of Material Facts (Disputed or Undisputed)**

When a party files a response to a statement of material facts (disputed or undisputed), it shall include the opposing party's stated facts and print its responses thereto immediately following each separately numbered fact.

14.   **Objections to Reports and Recommendations**

In civil cases, objections to a magistrate judge's or special master's report and recommendation and any response to those objections shall be limited in length to twenty-five pages, absent prior permission from the Court.

15.   **Motions for Temporary Restraining Order or Preliminary Injunction**

Any request for a temporary restraining order or for preliminary injunctive relief must be made by separate motion. A request for a temporary restraining order or preliminary injunction found only in the complaint will not be considered. After filing an appropriate motion, the movant must contact Ms. Edwards to request expedited consideration of the motion.

16.   **Technology, Exhibits and Cellphones**

The courtroom is equipped with various technologies (projector, DVD player, document-viewer, etc.) that the parties are welcome to use. Any questions about the equipment should be directed to Mark Allen in the Court's Systems Department.  His number is 404-215-1653, and his

email address is mark_allen@gand.uscourts.gov.  If a party would like to see the courtroom and practice using the electronic equipment prior to a hearing or trial, he or she should contact Ms. Edwards.

Any party or counsel without a blue attorney ID card issued through the U.S. Marshals Service who would like to bring in the courthouse electronic equipment, such as a laptop computer or a cell phone with a camera, must file a proposed order in their case allowing same.  The proposed order should be filed at least three business days before the hearing or trial and should identify the electronic equipment, specify the date(s) of the hearing or trial to which the party or counsel desires to bring the equipment, and identify the courtroom to which the equipment will be brought.

17.   **Pretrial Orders—Exhibit and Witness Lists**

The parties shall separately number each of their exhibits as to which a separate foundation must be laid.  For example, exhibits should not be grouped as "hospital records" or "photographs."  Similarly, exhibits should be numbered sequentially (e.g., P-1, P-2, etc); do not use, e.g., P-1a, P-1b, etc. for a group of exhibits.

In listing witnesses or exhibits, a party may not reserve the right to supplement his list, nor should a party adopt another party's list by reference.

## 18.  Pretrial Conference, Motions in Limine, *Daubert* Motions

Normally, the Court will conduct a pretrial conference.  The purpose of the conference is to resolve motions in limine, discuss jury selection, and explain the Court's general trial procedures.

The parties will be required at the pretrial conference to identify the specific witnesses they will call in their case-in-chief at trial.  The Court may require the parties to bring with them to the pretrial conference the exhibits to which there are objections so that the Court can consider objections thereto.

Unless otherwise directed by the Court, all motions in limine shall be filed at least two weeks before the pretrial conference.  Each party may file only one, consolidated motion in limine, supported by a brief not to exceed twenty-five pages.  Briefs in opposition to motions in limine should be filed at least one week before the pretrial conference and shall not exceed twenty-five pages.

In accordance with Local Rule 26.2C, *Daubert* motions must be filed no later than the date the proposed pretrial order is submitted. Briefs in opposition thereto must be filed within fourteen days of the *Daubert* motion, and reply briefs in support of the motion must be filed seven days thereafter.

## 19.  Requests for Oral Argument on Motions

In accordance with Local Rule 7.1(E), motions are usually decided without oral argument, but the Court will consider any request for hearing.  Moreover, the Court shall grant a request for oral argument on a contested, substantive motion if the request states that a lawyer of less than five years out of law school will conduct the oral argument (or at least the lion's share), it being the Court's belief that young lawyers need more opportunities for Court appearances than they usually receive.

## 20.  Proposed Findings of Fact and Conclusions of Law

When counsel is required to submit proposed findings of fact and conclusions of law (LR 16.4(B)(25)), in addition to electronically filing

same, counsel should provide an electronic copy thereof—in Microsoft *Word* format—to Ms. Edwards.

## 21.   Proposed Orders

For all consent, unopposed or joint motions, the filing party shall include therewith a proposed order granting the motion.

## 22.   Objections to Deposition Testimony

### a.   Depositions Completed Prior to Deadline for Motions in Limine

Notwithstanding Local Rules 16.4B(20) and 43.1, all objections to any deposition testimony that may be offered as evidence at trial must be made at or before the time for filing motions in limine.  Briefs in opposition to deposition objections must be filed within two business days of the date of filing the objections unless the deadline for filing briefs in opposition to motions in limine precedes that date, in which event briefs in opposition to the objections should be filed the same day as the briefs in opposition to motions in limine are due.

Counsel are strongly encouraged to resolve deposition objections without the Court's involvement.  Any unresolved objections will be

discussed at the pretrial conference or before jury selection on the first day of trial.

### b.  Depositions Completed After Deadline for Motions in Limine

If the deposition does not take place until after the deadline for filing motions in limine, all such objections must be made within two business days of counsel's first receipt of an electronic or paper copy of the deposition transcript.  Briefs in opposition to the objections must be filed within two business days of the date of filing of the objections. Again, counsel are strongly encouraged to resolve these objections without the Court's involvement.  However, counsel should promptly inform the Court of any unresolved objections so that the Court may address the objections as expeditiously as possible so as not to delay the trial.

### 23.  Jury Instructions

Notwithstanding Local Rule 51.1 and unless otherwise directed by the Court, counsel shall email their proposed jury instructions in Microsoft *Word* format to the law clerk assigned to the case by 9:00 a.m. on the last business day before the first day of trial.  Counsel should

contact Ms. Edwards to obtain the name and email address of the applicable law clerk.

## 24.  Dismissal of Actions

Notices or stipulations of dismissal that satisfy Federal Rule of Civil Procedure 41(a)(1) and are filed by counsel take effect upon filing, even if the document includes a signature line for the Court; consequently, the Court will not sign such notices or stipulations.  If counsel would like for the dismissal to be pursuant to a court order, they should submit to chambers a proposed order dismissing the action, in accordance with Federal Rule of Civil Procedure 41(a)(2).

## 25.  2015 Amendments to the Federal Rules

As previously noted, recent amendments to the Federal Rules of Civil Procedure will apply to all cases filed on or after December 1, 2015. These amendments will impact case management, including changes to the presumptive time for serving a complaint, the time to issue a scheduling order, the rules for preservation of electronically stored information, and the general standard for proportionality in discovery. Counsel are expected to know and abide by these rules. More

information on the amendments is available on the Judiciary's website, www.uscourts.gov.

## Trial Courtroom Procedures

1.     The Court usually is in session from 9:00 a.m. until 5:00 p.m. There will be a fifteen-minute recess mid-morning and again mid-afternoon.  The Court typically recesses for lunch at 12:15 p.m.

2.     When the jury is in the courtroom it is the Court's and the litigants' responsibility to use the jury's time efficiently.  If matters need to be taken up outside the presence of the jury, they should be raised during breaks or before the start of the trial day.

3.     Voir dire will be conducted as follows: In civil cases that are not expected to last more than two weeks, the Court will empanel eight jurors, none of whom will serve as an alternate.  The panel from whom the eight will be selected will normally consist of 18-20 prospective jurors.  If counsel anticipate the need for a larger panel, e.g., in cases with media attention or in cases involving a mutual insurance company (which may be owned in part by one or more panel members), counsel should alert the Court promptly upon calendaring of the case for trial.

28

4.    The jurors will enter the courtroom and be seated in the order listed on the juror list.  The Court will briefly inform the jury of the name and nature of the case and then qualify the jurors.  Ms. Edwards will then call the name of each juror (one at a time) and have each juror answer the questions on the list attached hereto as Exhibit A.  The Court will then ask those questions proposed by the parties in the Pretrial Order that the Court deems appropriate.  One question will be whether any juror knows any witness in the case, so counsel should be prepared to identify the witnesses who may be called to testify (whether live or by deposition).  The jury will then be excused from the courtroom for a ten-minute recess.

Once the jury is excused, the parties shall make motions to strike any juror(s) for cause.

Prior to returning the jury to the courtroom, the Court will consider any requests by counsel to ask any brief, follow-up questions to any particular juror(s).  After the Court rules on any such requests, the jury will be brought back into the courtroom.  After the Court asks the follow-up questions (if any), counsel shall strike the jury.  Each side

29

shall be entitled to three peremptory strikes.   Ms. Edwards will pass the peremptory strike sheet (Exhibit B hereto) back and forth between counsel, beginning with Plaintiff, and counsel will write one juror number to be stricken.   This will continue until each side has exercised its allotted strikes.

The Court will then call the names of the jurors who have been selected, and they shall take a seat in the jury box.   At this time, counsel may make motions challenging the makeup of the jury at a sidebar.   The remaining panel will be excused, and the selected jury will be sworn.

5.   During opening statement, counsel may refer to the contents of, and show the jury, exhibits—provided that counsel is unaware of a genuine issue as to the admissibility of the exhibit into evidence *and* counsel genuinely expects that each such exhibit will be admitted into evidence.

6.   Both sides shall have enough witnesses on hand for each day's proceedings.

7.     To assist the court reporter, all communications to the Court should be made from a position at counsel table or from the lectern. During trial, a portable microphone is available that will allow counsel to move about the courtroom.   Any witness not testifying from the witness stand must also use a portable microphone.

8.     Counsel should refrain from making disparaging remarks or displaying ill will toward other counsel, and from causing or encouraging any ill feeling among the litigants.

9.     Counsel and litigants are to refrain from making gestures, facial expressions or audible comments as manifestations of approval or disapproval of testimony, argument or rulings by the Court.

10.    Exhibits must be examined and marked before trial and need not be shown to counsel during trial for the purpose of interposing objections or foundational inquires.

11.    Because enlarged exhibits and demonstrative boards are often placed on an easel in front of the jury and thus out of the Court's view, it would be helpful if counsel, when showing such an exhibit or board to the jury, would please provide the Court with a small (e.g., letter- or

legal-sized) copy of the exhibit or board so that the Court can view its contents.

12.   All papers intended for the Judge should be handed to the courtroom deputy clerk, who will pass them to the Judge.

13.   Counsel should <u>not</u> ask the Judge for permission to approach a witness in order to show the witness an exhibit or other document.

14.   Only one attorney per party may object to the testimony of a witness being questioned by an opposing party.  The objection must be made by the attorney who has conducted or is to conduct the examination of the witness.

15.   Examination of a witness should be limited to questions addressed to the witness.   Counsel are to refrain from making extraneous statements, comments or remarks during examination.

16.   Offers or requests for stipulations should be made privately, not within the hearing of the jury.

17.   All requests for re-reading of questions or answers should be addressed to the Judge.

18.    Counsel should refrain from putting any matter before the jury in the form of a question that counsel knows or expects will be subject to an objection that is likely to be sustained.   Such matters should be taken up with the Court outside the presence of the jury.

19.    Counsel should not ordinarily make motions in the presence of the jury.   Such matters may be raised at the first recess or at sidebar.   A motion for mistrial must be made immediately, but the Court may require argument at the next recess or excuse the jury.

20.    When making an objection, counsel shall state only the legal basis of the objections (e.g., "leading" or "hearsay") and should not elaborate, argue, or refer to other evidence unless asked to do so by the Judge.

21.    Counsel are prohibited from addressing comments or questions to each other.   All arguments, objections and motions should be addressed to the Court.

22.    The Court expects five to six hours of testimony per day in jury trials and will not allow sidebar conferences or lengthy hearings outside the presence of the jury to disrupt the orderly presentation of evidence.

23.    Ordinarily,   the   Court   will   charge   the   jury   before   closing arguments.

IT IS SO ORDERED this 16th day of August, 2017.

_____
**Timothy C. Batten, Sr.**
**United States District Judge**

<u>**Jury Questions**</u>

Please stand and answer the questions listed below, speaking loudly so that everyone in the courtroom can hear you.

1.      State your name.

2.      In what city and county do you reside?  How long have you lived there?  If less than one year at your current residence, where did you reside previously?

3.      What is your present employment?
      a.      Name of employer?
      b.      What are your duties?
      c.      How long so employed?
      d.      If you had this job for less than 5 years, state your previous occupation.

4.      What is your educational background?

5.      If married, what is your spouse's occupation?

6.      Do you have children?  If so, what are their ages?  If you have adult children, what is their employment status?

7.      Do you belong to any social, civic, political or religious organizations?

8.      Have you ever attended law school or paralegal school?

9.      Have you ever been a party to a lawsuit other than a suit for divorce or child custody?

10.     Have you ever served on a jury before?  If so, where and when? What kind of case was it?  Did you reach a verdict?  (Answer yes

**Exhibit A**

or no—do not indicate what the verdict was if one was reached.)
Did you happen to serve as the foreperson of the jury?

11.   What do you do for recreation?

## <u>Peremptory Strike Sheet</u>

1.  Plaintiff's first peremptory strike is juror number ____.

    Defendant's first peremptory strike is juror number ____.

2.  Plaintiff's second peremptory strike is juror number ____.

    Defendant's second peremptory strike is juror number ____.

3.  Plaintiff's third peremptory strike is juror number ____.

    Defendant's third peremptory strike is juror number ____.

**Exhibit B**