IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY, | :<br>:<br>: |
| Plaintiff, | :<br>: |
| v. | : CIVIL ACTION FILE<br>: NO. 1:17-cv-02286-TCB |
| TECH ROOF PROS, INC., and FURNITURE RENTALS, INC., | :<br>:<br>: |
| Defendants. | :<br>: |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1.   Description of Case:**

(a)   Describe briefly the nature of this action.

This is an insurance coverage dispute in which Plaintiff Endurance American Specialty Insurance Company ("Endurance") seeks a declaration that it has no duty to defend or indemnify Tech Roof Pros, Inc., ("Tech Roof") for claims asserted by Furniture Rentals, Inc. ("Furniture Rentals").

(b)   Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

Furniture Rentals filed suit against Tech Roof in the State Court of Chatham County on November 14, 2016, in an action captioned *Furniture Rentals, Inc. v. Tech Roof Pros, Inc.*, CAFN 16-cv-1708. ("Underlying Lawsuit"). The Underlying Lawsuit alleges that on October 8, 2015, Tech Roof was hired by Furniture Rentals, to replace the roof of Furniture Rental's building located in Savannah, GA. The Underlying Lawsuit alleges that Tech Roof began working on the roof on October 14, 2015 and that Tech Roof

**signed a notice of completion dated December 4, 2015.**

**The Underlying Lawsuit alleges that during Tech Roof's installation of the roof, Tech Roof removed the existing roof all at once which left Furniture Rental's building with no cover or protection from the elements. The Underlying Lawsuit alleges that Furniture Rentals began to experience water damage due water leaking through the roof beginning on October 26, 2015.**

**The Underlying Lawsuit alleges that Furniture Rentals has incurred water damage to its property due to the roof installed by Tech Roof allegedly leaking. The Underlying Lawsuit alleges that Furniture Rentals had no alternative but to replace the entire roof installed by Tech Roof due to Tech Roof's allegedly faulty work. The Underlying Lawsuit asserts claims for breach of contract, negligence and attorney's fees.**

**The Underlying Lawsuit seeks damages for repairs, tolls and equipment for water remediation efforts, discarded furniture and inventory items, employee labor in remediating, repairing and discovering inventory, interest paid on the loan to pay Tech Roof, return of funds paid to Tech Roof under the contract and the cost of replacing the roof installed by Tech Roof.**

**Prior to the filing of The Underlying Lawsuit, Endurance received notice of the claim by Furniture Rentals against Tech Roof on or about June 22, 2016. However, when Endurance attempted to investigate the claim, Endurance was unable to obtain the required information from Furniture Rentals, and consequently, Endurance closed its file in or about October 2016.**

**Tech Roof was served with the Underlying Lawsuit on December 28, 2016, but Furniture Rentals failed to file the Sheriff's Entry of Service with the clerk until April 6, 2017. The first notice Endurance received of the Underlying Lawsuit was on May 8, 2017. Two days after notifying Endurance, and less than fifteen days after its answer was due, of the Underlying Lawsuit, Tech Roof moved to open the default and paid costs. Tech Roof's motion to open default was granted by the court in the Underlying Lawsuit on August 30, 2017. At the same time, the court granted Tech Roof's motion to withdraw admissions. Endurance is currently defending Tech Roof pursuant to a full reservation of rights.**

(c) The legal issues to be tried are as follows:

**Whether Endurance has a duty to defend and indemnify Tech Roof for the claims asserted by Furniture Rentals.**

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases: ***Furniture Rentals, Inc. v. Tech Roof Pros, Inc.,*** **State Court of Chatham County Georgia, CAFN 16-cv-1708.**

(2) Previously Adjudicated Related Cases:

2. This case is complex because it possesses one or more of the features listed below (please check):
   \_\_\_\_\_ (1) Unusually large number of parties
   \_\_\_\_\_ (2) Unusually large number of claims or defenses
   \_\_\_\_\_ (3) Factual issues are exceptionally complex
   \_\_\_\_\_ (4) Greater than normal volume of evidence
   \_\_\_\_\_ (5) Extended discovery period is needed
   \_\_\_\_\_ (6) Problems locating or preserving evidence
   \_\_\_\_\_ (7) Pending parallel investigations or action by government
   \_\_\_\_\_ (8) Multiple use of experts
   \_\_\_\_\_ (9) Need for discovery outside United States boundaries
   \_\_\_\_\_ (10) Existence of highly technical issues and proof
   \_\_\_\_\_ (11) Unusually complex discovery of electronically stored information

3. **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

    Plaintiff:  **Seth M. Friedman**
   **LEWIS, BRISBOIS, BISGAARD & SMITH, LLP**
   **1180 Peachtree Street**
   **Suite 2900**
   **Atlanta, Georgia  30326**
   **(404) 418-7164**

       **Fax (404) 467-8845**
       **Email: seth.friedman@lewisbrisbois.com**

Furniture Rentals: **R. Jonathan Hart**
       **HART & ASSOCIATES LAW FIRM**
       **6349 Abercorn Street, Suite D**
       **Savannah, GA  31405**
       **912.355.6644**
       **Email: jon@hartlawsav.com**

Tech Roof:  **Cameron C. Kuhlman**
       **DUFFY & FEEMSTER, LLC**
       **236 E. Oglethorpe Ave.**
       **Savannah, GA  31401**
       **(912) 236-6311**
       **(912) 236-6423 (Fax)**
       **Email: cck@duffyfeemster.com**

**4.  Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

  _____ Yes  __X__ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.  Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:

 **None.**

(b) The following persons are improperly joined as parties:

 **None.**

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**None.**

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.   Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary: **None at this time.**

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.   Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

*(a) Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

*(b) Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

*(c) Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E,

respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)   *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

**The parties agree that initial disclosures shall be due 14 days after Tech Roof files an answer.**

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**Not at this time.**

**10.    Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**Whether Endurance has a duty to defend and/or indemnify Tech Roof Pros for the claims by Furniture Rentals.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below: **The parties request that discovery begin on the day Tech Roof files its answer or on September 22, 2017, which ever occurs first.**

**11.   Discovery Limitation and Discovery of Electronically Stored Information:**

(a)   What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**None at this time.**

(b)   Is any party seeking discovery of electronically stored information?

__X__ Yes          _____ No

If "yes,"

(1)   The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**The parties will discuss any necessary limitations after service of any discovery requests which may require electronic information.**

(2)   The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g.,

paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

> **The parties have agreed to produce searchable PDF documents, but the parties reserve the right to request native files if necessary.**

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.     Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**The parties request that discovery begin on the day Tech Roof files its answer or on September 22, 2017, which ever occurs first.**

**13.     Settlement Potential:**

(a)     Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on August 30, 2017, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

| | | |
|---|---|---|
| For Plaintiff: | **(signature):** | /s/Seth M. Friedman |
| For Defendants Furniture Rentals, Inc. | **(signature):** | /s/R. Jonathan Hart |
| For Defendant Tech Roof Pros, Inc. | **(signature):** | /s/Cameron C. Kuhlman |

(b)     All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

     ( X )     A possibility of settlement before discovery.
     (   X )     A possibility of settlement after discovery.

( ) A possibility of settlement, but a conference with the judge is needed.
( ) No possibility of settlement.

(c) Counsel ( X ) do or ( ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference TBD.

(d) The following specific problems have created a hindrance to settlement of this case.

**14.    Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties ( ) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20___.

(b) The parties ( X ) do not consent to having this case tried before a magistrate judge of this Court.

Consented to by:

/s/ Seth M. Friedman                             /R. Jonathan Hart
Seth M. Friedman                                  (*by Seth Friedman with express*
Georgia Bar No. 141501                       *permission*)
Christopher C. Meeks                          R. Jonathan Hart
Georgia Bar No. 371020                       Georgia Bar No. 333692
LEWIS, BRISBOIS,                                 Hart & Associates Law Firm
BISGAARD & SMITH, LLP                     6349 Abercorn Street, Suite D
1180 Peachtree Street                          Savannah, GA  31405
Suite 2900                                              912.355.6644
Atlanta, Georgia 30309                       Email: jon@hartlawsav.com
(404) 348-8585
(404) 467-8845 (Fax)                            Sarah B. Akins
Seth.Friedman@lewisbrisbois.com    Georgia Bar No. 086640

4834-3374-5744.1                                     - 9 -

Christopher.Meeks@lewisbrisbois.com
*Attorneys for Plaintiff*

*Pro Hac Vice Application*
Ellis Painter Ratterree & Adams, LLP
10th Floor
2 East Bryan Street
P.O. Box 9946
Savannah, GA 31412-0146
(912) 233-9700
Email: sbakins@epra-law.com

*Attorneys for Furniture Rentals, Inc.*

/s/ Cameron Kuhlman
(*by Seth Friedman with express permission)*
Cameron Kuhlman
Georgia Bar No. 596159
DUFFY & FEEMSTER, LLC
236 E. Oglethorpe Ave.
Savannah, GA  31401
(912) 236-6311
(912) 236-6423 (Fax)
Email:  cck@duffyfeemster.com

*Attorney for Tech Roof Pros, Inc.*

\* \* \* \* \* \* \* \* \* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this \_\_\_\_ day of _____, 20\_\_\_\_.

_____
UNITED STATES DISTRICT JUDGE